**FILED
CLERK**

9/6/2012 11:41 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
KENNETH KRISCHENBAUM, as Chapter 7
Trustee of the Estates of the Robert Plan of New
York Corporation and the Robert Plan
Corporation,

                Plaintiff,

        -against-

Leeds Morelli & Brown, P.C. and Nancy
Isserlis,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
10-MC-0674 (ADS)

**APPEARANCES:**

**Kirschenbaum & Kirschenbaum, P.C.**
*Attorneys for the Plaintiff*
200 Garden City Plaza
Garden City, NY 11530
      By: Steven B. Sheinwald, Esq., Of Counsel

**Lester & Associates, P.C.**
*Attorneys for the Defendant Leeds Morelli & Brown, P.C.*
600 Old Country Road
Suite 229
Garden City, NY 11530

**Wayne Greenwald P.C.**
*Attorneys for the Defendant and Movant Nancy Isserlis*
475 Park Avenue S-26th Floor
New York, NY 10016
      By: Wayne M. Greenwald, Esq., Of Counsel

**SPATT, District Judge**.

      On August 25, 2008, the Debtors—the Estates of the Robert Plan of New York Corporation and the Robert Plan Corporation— filed voluntary petitions for bankruptcy relief pursuant to 11 U.S.C. § 101, *et seq.* On September 15, 2008, the joint administration of the Debtors' cases was ordered. On January 19, 2009, the Debtors' cases were converted to

liquidation cases, under Chapter 7 of 11 U.S.C. § 101, *et seq*. The Plaintiff, Kenneth Kirschenbaum, was then appointed as the Chapter 7 Trustee of the Debtors' estates (the "Trustee" or "Plaintiff"). On April 21, 2010, the Trustee commenced this action seeking to set aside alleged voidable transactions, pursuant to 11 U.S.C. §§ 5441, 547, 548 and 550.

Thereafter, the Defendant Leeds, Morelli & Brown P.C. ("LMB") filed an answer, and Nancy Isserlis served her answer to the Complaint with cross-claims against LMB, sounding in professional malpractice. LMB then moved to dismiss the cross-claims, arguing that the Bankruptcy Court lacked subject matter jurisdiction over them. The Bankruptcy Court did not decide the issue but rather offered Isserlis the opportunity to move to withdraw the reference of this action to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d). Isserlis filed the present motion to withdraw the reference on October 21, 2010, and this motion is presently pending.

As a significant amount of time has passed since the initial filing of this motion, the movant Isserlis is directed to file with the Court a letter advising as to the current status of the relevant bankruptcy proceeding on or before September 21, 2012. If the motion to withdraw the reference is not moot, and if any of the parties wish to oppose the motion, they are directed to do so on or before October 12, 2012. A reply, if applicable, may be filed on or before October 26, 2012.

**SO ORDERED.**
Dated: Central Islip, New York
September 6, 2012

>                    _____/s/ Arthur D. Spatt_____
>                           ARTHUR D. SPATT
>                        United States District Judge